MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Facsimile: (415) 436-7234
   E-Mail: deborah.r.douglas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-477-1 DLJ |
| Plaintiff, | No. CR 08-477-2 DLJ |
| | No. CR 08-477-3 DLJ |
| v. | STIPULATION AND [ ] RESTITUTION ORDER FOR VICTIMIZED FINANCIAL INSTITUTIONS |
| EDITH NELSON, RONALD NELSON, and NELDA ASUNCION, | |
| Defendants. | |

     Plaintiff United States of America, by and through its attorney of record, and defendants Edith Nelson, Ronald Nelson, and Nelda Asuncion, by and through their respective attorneys of record, hereby stipulate as follows:

     1.     On February 3, 2012, defendant Edith Nelson pled guilty to Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349; Monetary Transactions Using Criminally Derived Property, in violation of 18 U.S.C. § 1957(a); Income Tax Evasion, in violation of 26 U.S.C. § 7201; and Harboring of an Illegal Alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). On that same date, February 3, 2012, defendant Ronald Nelson pled guilty to Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349; Income Tax Evasion, in violation of 26 U.S.C. § 7201; and Harboring of an Illegal Alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

Also on February 3, 2012, defendant Nelda Asuncion pled guilty to Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349; and Monetary Transactions Using Criminally Derived Property, in violation of 18 U.S.C. § 1957(a).

  2. On May 10, 2012, this Court sentenced defendants Edith Nelson, Ronald Nelson, and Nelda Asuncion pursuant to their plea agreements under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

    A. As part of their plea agreements, defendants Edith Nelson and Ronald Nelson agreed to pay restitution in the total amount of $5,223,476.90 (plus interest and penalties on the restitution owed for income tax evasion) as follows:

      (1) $3,384,368.54 for mortgage loan fraud;

      (2) $292,862 plus interest and penalties for income tax evasion; and

      (3) $1,546,246.40 for the back wages of employees and former employees, as determined by the U.S. Department of Labor.

    B. As part of her plea agreement, defendant Nelda Asuncion agreed to pay restitution in the total amount of $2,838,868.54 for mortgage loan fraud.

  3. The agreed upon restitution involved victims which are financial institutions and government entities, such as the Federal Deposit Insurance Corporation and the Internal Revenue Service, as well as individual victims. The government previously provided the defendants with charts setting forth, *inter alia*, the names of the victims and the restitution owed to each of them. The government represents that it has provided the addresses for payment of restitution to the U.S. Office of Probation.

  4. At the sentencing proceeding, this Court granted the United States' request that the respective judgments indicate that the individual victims have priority for payment of restitution over the lending institutions and government entities pursuant to 18 U.S.C. § 3664(i). This Court directed that the parties submit stipulations and proposed orders setting forth the order of priority for payment of restitution and the amount of restitution owed to each victim, as the parties had agreed in entering into the respective plea agreements. With respect to defendants Edith Nelson and Ronald Nelson, this Court directed that stipulations and proposed orders for the payment of

restitution be submitted regarding: (1) individual victims of mortgage loan fraud; (2) forty-nine individual victims who are owed back wages; (3) financial institutions who are victims of mortgage loan fraud; and (4) Internal Revenue Service for payment of taxes owed. With respect to defendant Nelda Asuncion, this Court directed that stipulations and proposed orders for the payment of restitution be submitted regarding: (1) individual victims of mortgage loan fraud; and (2) financial institutions who are victims of mortgage loan fraud;

5. The government and defendants Edith Nelson and Ronald Nelson agree that, if the defendants make partial payments, the individual victims of mortgage loan fraud as well as the individual victims who are owed back wages shall receive approximately proportional payments until full restitution is paid to all of the individual victims. After all of the individual victims are paid restitution in full, the financial institutions who are victims of mortgage loan fraud shall receive approximately proportional payments of restitution until full restitution is paid to those financial institutions. After all of the financial institution victims are paid restitution in full, the Federal Deposit Insurance Corporation ("FDIC"), a quasi-governmental entity, shall receive all restitution payments until the FDIC is paid in full. After the FDIC is paid full restitution, the Internal Revenue Service ("IRS") shall receive all remaining payments until full restitution is made to the IRS, including interest and penalties on the taxes owed.

6. The government and defendant Nelda Asuncion agree that, if the defendant makes partial payments, the individual victims of mortgage loan fraud shall receive approximately proportional payments until full restitution is paid to those victims. After those individual victims are paid restitution in full, defendant Nelda Asuncion's restitution payments shall be made to the financial institutions in approximately proportional payments until full restitution is paid to those financial institutions.

7. The parties agree that defendants Edith Nelson, Ronald Nelson, and Nelda Asuncion shall pay, jointly and severally, restitution owed to the financial institutions listed below (including the FDIC as Receiver for Washington Mutual Restitution Payments) in the specified amounts, totaling 1,824,721.28, and that the addresses for payment of restitution are as follows:

| Item No. | Defendants (Jointly & Severally Liable) | Property | Loan # | Joint & Several Restitution | Name of Victim & Address for Payment of Restitution |
|---|---|---|---|---|---|
| 1 | Edith Nelson, Ronald Nelson, & Nelda Asuncion | 130 El Cerro Court, Danville, CA | Countrywide Loan #125899432 & 125899440 | $248,145.39 | Bank of America, N.A. - Payment Processing, Mail Stop: CA9-705-09-31, 1000 W. Temple Street, Los Angeles, CA 90012<br>B of A GCS-IS-MLI CSM Case # FACTS 07-50561 |
| 2 | Edith Nelson, Ronald Nelson, & Nelda Asuncion | 121 Warwick Drive, Walnut Creek, CA | Countrywide Loan #111292837 & 111292845 | $246,610.36 | Bank of America, N.A. - Payment Processing, Mail Stop: CA9-705-09-31, 1000 W. Temple Street, Los Angeles, CA 90012<br>B of A GCS-IS-MLI CSM Case # FACTS 07-50561 |
| 3 | Edith Nelson, Ronald Nelson, & Nelda Asuncion | 4124 Forestview Avenue, Concord, CA | Countrywide Loan #101069226 & 101069234 | $122,563.24 | Bank of America, N.A. - Payment Processing, Mail Stop: CA9-705-09-31, 1000 W. Temple Street, Los Angeles, CA 90012<br>B of A GCS-IS-MLI CSM Case # FACTS 07-50561 |
| 4 | Edith Nelson, Ronald Nelson, & Nelda Asuncion | 2267 Shannon Lane, Walnut Creek, CA | Washington Mutual Loan #6508478 | $293,038.00 | FDIC as Receiver for Washington Mutual Restitution Payments, P.O. Box 971774, Dallas, TX 75397-1774 |
| 5 | Edith Nelson, Ronald Nelson, & Nelda Asuncion | 1213 St. Elizabeth Court, Concord, CA | Washington Mutual Loan # 0729406322 & 0729406421 | $637,493.27 | FDIC as Receiver for Washington Mutual Restitution Payments, P.O. Box 971774, Dallas, TX 75397-1774 |
| 6 | Edith Nelson, Ronald Nelson, & Nelda Asuncion | 1772 Geary Road, Walnut Creek, CA | (1) Fremont Investment & Loan #7000212506<br><br>(2) America's Servicing Loan #7000212743 | (1) $147,289.78 (Restitution re: Principal Loan)<br><br>(2) $129,581.24 (Restitution re: Second Loan) | (1) Signature Group Holdings, 15303 Ventura Blvd, Suite 1600, Sherman Oaks, CA 91403<br><br>(2) Wells Fargo Mortgage, MAC# X2303-048, 1 Home Campus, 4th Floor, Des Moines, IA 50328 |
| | **Total Restitution** | | | $1,824,721.28 | |

8. The restitution amounts owed by defendants Edith Nelson, Ronald Nelson, and Nelda Asuncion to the individual victims of mortgage loan fraud are set forth in separate stipulations and orders.

IT IS SO STIPULATED.

Dated: June 20, 2012                                Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
DEBORAH R. DOUGLAS
Assistant United States Attorney

Dated: June 20, 2012                                _____/s/_____
JOYCE LEAVITT
Assistant Federal Public Defender
Attorney for Defendant Edith Nelson

Dated: June 15, 2012                                _____/s/_____
GILBERT EISENBERG
Attorney for Defendant Ronald Nelson

Dated: June 19, 2012                                _____/s/_____
DEBORAH G. LEVINE
Attorney for Defendant Nelda Asuncion

## ORDER

Based upon the parties' stipulation and plea agreements, IT IS HEREBY ORDERED that defendants Edith Nelson, Ronald Nelson, and Nelda Asuncion shall pay, jointly and severally, restitution owed to the financial institutions listed in the stipulation in the specified amounts, totaling $1,824,721.28.

IT IS SO ORDERED.

Dated: June \_\_\_\_, 2012                           _____
HONORABLE D. LOWELL JENSEN
SENIOR UNITED STATES DISTRICT JUDGE